Phillips, J.
This ease presents the question whether a householder or freeholder, resident of this county, but non-resident of the' city,' is immune from the jurisdiction of the munieipál court of Cleveland, in civil cases.
The act conferring jurisdiction upon the municipal court gives it ‘ ‘ original civil jurisdiction within the limts of the city * * * in all actions and proceedings of which justices of the peace have, or may be given, jurisdiction.” 102 O. L., 156."
By Section 10223 of the General Code, the territorial jurisdiction of justices in civil cases, unless otherwise directed by law, “is limited to the township wherein they have been electéd, and wherein they reside.”
Section 10224 enumerates twelve instances in which their jurisdiction shall be co-extensive with the county.
Section 10225 says:
“Except as provided in the next preceding section, no householder or freeholder, resident of the county, shall be held to answer a summons issued against him by a justice in a civil matter in any township .of such county other than the one where he resides, except in the eases following:” (Here follow six exceptions to the limitations just stated.)
*60 The municipal court act confers jurisdiction by reference to another statute. There are'two ways of adopting an existing statute into the provisions of a new act. One is by specific and descriptive reference to the statute or provisions adopted, whereby the statute or provisions adopted are incor-' porated bodily into the adopting statute. The other form of adoption is by reference, not to any particular statute or part of a statute, but by reference to the law generally which governs a particular subject. The latter is the method adopted in this instance.
This being so, we are to determine what was adopted into the new act, not by what is known as “close interpretation” of a single statutory provision, but by a comprehensive view of the statutes fixing (both by conferring and by restricting) the jurisdiction of justices of the peace.
The Constitution makes a justice of the peace a township officer; and the statute (Section 10223) fixes his territorial jurisdiction, primarily, within the township where he is elected and resides. In like manner, the act of May 10, 1911, fixes the territorial jurisdiction of the municipal court, primarily, within the corporate boundaries of the city of Cleveland.
If the law that has been adopted by reference, as aforesaid, would, in a particular instance, limit the jurisdiction of a justice in respect of persons without his township, it follows as an obvious corollary that in the like instance, the jurisdiction of the municipal court must be limited in like manner.
Where a court has jurisdiction of the subject-matter of an action, 'jurisdiction of the person of a defendant can be acquired, in invitum, only by service of the process of the- court, and service of process can be made only within the territorial jurisdiction of the court issuing it. But the well-settled general rule is, that in transitory actions, service of process, made within the territorial jurisdiction of the court issuing it, upon a non-resident of such territory, subjects him to the jurisdiction of the court. And this rule applies to a justice of the peace, unless changed by statute. I think the quoted part of Section- 10225 is intended to, and does, exempt householders and freeholders *61 who are residents of the county, but non-residents of the particular township, from the application of this general rule; and to this extent it limits the jurisdiction of a justice of the peace, and likewise that of the municipal court.
This section is one of ten sections of the justice’s code defining and fixing the jurisdiction of that court. These sections abound in restrictions and limitations; and these negative provisions must be considered with the affirmative provisions, and the.jurisdiction determined as well by what powers are expressly withheld as by those expressly conferred.
Considering these statutes in this way, I think the provision in Section 10225, -.that “no. householder or freeholder, resident of the county, shall be. held to answer a summons issued.against him by a justice in a civil matter in any township of such county other than the one where he resides,” does not inerely confer upon such non-resident a privilege to be asserted or waived by •him, but fixes, by limitation, the -jurisdiction of the justice; and this limitation is,- by adoption, made applicable to the municipal court, and operated to deprive it of jurisdiction' óf- this plaintiff in error.
• Judgment reversed, with costs.